United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-31115
Summary Calendar

RODERICK PRESIDENT,

Plaintiff-Appellant,

versus

BARON KAYLO; CLYDE BENSON; CAPTAIN VILLEMARETTE;
SERGEANT DESELLE; LIEUTENANT COLONEL TIGNER;
MARCUS BECKHAM; STEVE GAYNARD,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:01-CV-2613
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Roderick President, Louisiana state prisoner # 384264, proceeding pro se, moves for leave to proceed in forma pauperis (IFP) in an appeal of the district court's final judgment that dismissed his 42 U.S.C. § 1983 complaint. President's IFP motion is a challenge to the magistrate judge's certification that his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

President's change in custodial status, as alleged in his complaint, does not affect a protectable liberty interest or violate his constitutional rights. See Sandin v. Conner, 515 U.S. 472, 486 (1995). Further, President did not allege that the loss of his good time credits pursuant to a disciplinary proceeding violated the procedural protections provided by Wolff v. McDonnell, 418 U.S. 539, 556, 564-66 (1974), or allege that he received any other punishment that would implicate a due process concern.

President's retaliation claims likewise fail because he does not show that but for his grievance filed in December 2000 regarding the prison's smoking policy, he would not have been subject to disciplinary proceedings. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

President has not shown that the district court erred in certifying that an appeal would not be taken in good faith. He has not shown that he will present a nonfrivolous issue on appeal. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED and the appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

The dismissal of this appeal counts as one strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). President is CAUTIONED that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to

proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.